UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ROBERT J. ROBINSON; GLENDA ROBINSON; GAIL ULLMAN; AUGUSTO S. VALE; ELAINE DURRELL FRYE; DIANE M. CHIRCHIRILLO; NORMA R. SMITH; MICHAEL A. TRUSTY; ELISABETH M. TRUSTY; EDWARD W. TARTY; and MARY LOUISE TARTY, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> v. <br><br> CALIBER HOME LOANS, INC.; U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST; and U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, <br><br> Defendants. | Case No.: |

## NOTICE OF REMOVAL

Defendant Caliber Home Loans, Inc., pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, gives notice of removal of Providence County Superior Court Case No. PC-2022-04729 to this court.

### I.  STATEMENT OF THE CASE

Plaintiffs Robert J. Robinson, Glenda Robinson, Gail Ullman, Augusto S. Vale, Elaine Durrell Frye, Diane M. Chirchirillo, Norma R. Smith, Michael A. Trusty, Elisabeth M. Trusty, Edward W. Tarty, and Mary Louise Tarty, on behalf of themselves and all others similarly situated, commenced the state court action in Providence County Superior Court on August 3, 2022.  A copy of the complaint is attached as **Exhibit A**.

The complaint asserts a claim entitled "breach of contract and failure to comply with

1

105747182.1

conditions precedent prior to exercise [of] the statutory power of sale." (Compl. ¶40). Plaintiffs ask the court to enter a declaratory judgment "determining that the notices, publications, foreclosures, and mortgagee's foreclosure sales of [plaintiffs'] properties are void[.]" (Compl. ¶210). They also ask the court to return them "to their status and circumstances prior to the foreclosure, and sale of their properties" and award "actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, [and] equitable relief[.]" (Compl. ¶¶212-213).

## II. BASIS FOR REMOVAL: DIVERSITY JURISDICTION AND CAFA

### A. Diversity jurisdiction

Diversity jurisdiction exists because there is complete diversity between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1).

#### i. Complete diversity exists

There must be complete diversity between the plaintiffs and all defendants to meet the diversity requirement. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

The plaintiffs are Rhode Island and Florida citizens. Plaintiff Diane Chirchirillo alleges she is located in Florida. (Compl. ¶17.) The remaining plaintiffs allege they are located in Rhode Island. (Compl. ¶¶13-16, 17-20).

Caliber is a Delaware and Texas citizen. For diversity purposes, a corporation is a citizen of both the state of where it is incorporated and state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Caliber is incorporated in Delaware and has its principal place of business in Texas.

U.S. Bank Trust, National Association is sued in its capacity as trustee for two named trusts, LSF8 Master Participation Trust and LSF9 Master Participation Trust. Its citizenship

controls for diversity purposes. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 46 (1980). U.S. Bank Trust is a Delaware citizen because it is a national banking association and its articles of association establish its main office there. 28 U.S.C. § 1348; *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 313-14 (2006).

    **ii.**    **The amount in controversy exceeds $75,000**

"Courts have repeatedly held that the value of the matter in controversy is measured not by the monetary judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those involved in the litigation." *Richard C. Young & Co., Ltd. v. Leventhal*, 389 F.3d 1, 3 (1st Cir. 2004). In a declaratory judgment action, the amount in controversy is measured by "the value of the object of the litigation." *Hunt v. Wa. State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977).

The amount in controversy exceeds $75,000 because plaintiffs seek to void the foreclosure and foreclosure sales of 8 properties below, all of which have a current value exceeding $75,000:

1. 807 Pontiac Avenue, Cranston, Rhode Island 02910 (Compl. ¶13)
2. 39 Burns Street, Providence, Rhode Island 02904 (Compl. ¶14)
3. 44 Adams Avenue, East Providence, Rhode Island 02915 (Compl. ¶15)
4. 57 Helen Avenue, Coventry, Rhode Island 02816 (Compl. ¶16)
5. 270 Taft Street, Pawtucket, Rhode Island 02860 (Compl. ¶17)
6. 1196-1198 Main Street, Coventry, Rhode Island 02816 (Compl. ¶18)
7. 446 Carrington Avenue, Woonsocket, Rhode Island 02904 (Compl. ¶19)
8. 180 Holden Street, Providence, Rhode Island 02908. (Compl. ¶20)

Where, as here, a plaintiff challenges the enforcement of a mortgage loan including through foreclosure, the "object of the litigation" is the property at issue and the subject mortgage loan.

*See Morse v. Res. Cr. Solns., Inc.,* No. 11-12275-RWZ, 2012 WL 458492 (D. Mass. Feb. 3, 2012) (citing *Bedard v. Mortgage Electronic Registration Sys., Inc.*, No. 11-cv-17-JL, 2011 WL 1792738, at *2-3 (D.N.H. May 11, 2011) (collecting cases)); *Aliberti v. GMAC Mortg., LLC*, 779 F. Supp.2d 242, 245 (D. Mass. 2011); *McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 212 (1st Cir. 2012); *see also Borges v. Bank of N.Y. Mellon,* No. 1:13-cv-02623-WBH, 2014 WL 12042548, at *2 (N.D. Ga. Aug. 27, 2014) (using property value to find amount in controversy requirement satisfied where plaintiff sought to "cancel" an assignment and foreclosure deed); *Burr v. JPMorgan Chase Bank, N.A.*, No. 4:11-cv-03519, 2012 WL 1016121, at *5 (S.D. Tex. Mar. 23, 2012) (value of property determined amount in controversy even where foreclosure has already occurred because mortgagors sought "reinstatement of title to the home upon which the Defendants have foreclosed.")

True and correct copies of the most recent property records available from the tax assessors for the cities and towns in which each of the 8 properties are located are attached as **EXHIBIT B**.

**B.      Class Action Fairness Act**

This court also has subject matter jurisdiction under the Class Action Fairness Act of 2005 pursuant to 28 U.S.C. §§ 1332(d), 1453 (**CAFA**) because (**1**) plaintiffs allege the putative class contains "hundreds of individuals"; (**2**) the citizenship of at least one class member is different than that of any defendant; and (**3**) the aggregate amount placed in controversy by plaintiffs and the putative class members' claims is likely to exceed $5 million, exclusive of interest and costs.

   **i.      Number of class members**

The complaint confirms the number of individuals in the putative class exceeds 100. Plaintiffs allege "the class encompasses hundreds of individuals." (Compl. ¶169).

### ii. Diversity

As set forth above, the parties are completely diverse, which also satisfies CAFA's requirement that at least one member of the potential class of plaintiffs is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

### iii. The aggregate amount in controversy exceeds $5 million

Under CAFA, the claims of all putative class members in a class action are aggregated to determine if the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(6).

The class action complaint defines a proposed class of plaintiffs whose properties were foreclosed in violation of R.I.G.L. § 19-14.11-1 between July 1, 2015 and December 28, 2016. (Compl. ¶159). These class members each seek an order returning them "to their status and circumstances prior to the foreclosure, and sale of their properties" and an award of "actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, [and] equitable relief[.]" (Compl. ¶¶212-213). Plaintiffs' 8 properties alone are valued over $2 million according to the most recent assessor records. (*See* **EXHIBIT B**). Adding in the property values of the properties formerly owned by the "hundreds" of unnamed class members, the aggregate amount in controversy exceeds $5 million.

### III. ALL PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

1. Caliber's removal is timely under 28 U.S.C. § 1446(b). Plaintiffs mailed the summons and complaint to "Caliber Home Loans, Inc., 1525 S. Belt Line Road, Coppell, Texas 75019" via certified mail on August 11, 2022. Caliber received the mailing on August 15, 2022, and files this removal within 30 days thereafter.

2. This court is the appropriate forum. Plaintiffs filed suit in Providence, Rhode Island. The United States District Court for the District of Rhode Island is the federal district court

embracing Providence.

3. Copies of all process, pleadings, and orders filed in the state court action and served on Caliber are attached as **EXHIBITS A and C** (complaint and summons).

4. All Defendants consent to removal. The undersigned also represents Defendants U.S. Bank Trust, N.A., as trustee for LSF8 Master Participation Trust and U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust, and they both consent to removal.

5. Caliber will promptly file a copy of this notice of removal with the clerk of the Superior Court for Providence County and will serve such notice on Plaintiffs under 28 U.S.C. § 1446(d). A copy of the Notice to the Clerk of the Providence County Superior Court is attached hereto as **EXHIBIT D**.

6. Pursuant to Local Rule 81.1(a), Caliber will do what is necessary to enable the state court clerk to assemble and electronically transmit a certified copy of the docket sheet and all documents filed in state court.

7. By this notice, Caliber does not waive any objections to service, jurisdiction, venue, or any other defenses or objections it may have. Caliber reserves all defenses, motions, and pleas. Caliber prays that the action be removed to this court, all further proceedings in the state court be stayed, and Caliber receive all additional relief to which it is entitled.

### IV. CONCLUSION

**WHEREFORE**, Defendant Caliber Home Loans, Inc. gives notice that Case No. PC-2022-04729 pending in the Providence County Superior Court is removed to the United States District Court for the District of Rhode Island.

105747182.1

Respectfully submitted,

**CALIBER HOME LOANS, INC.,**

By its attorneys,

/s/ Peter F. Carr, II
Peter F. Carr, II (RI Bar #5343)
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Two International Place, 16th Floor
Boston, MA  02110-2602
Telephone: 617.342.6800
Facsimile: 617.342.6899
pcarr@eckertseamans.com

Dated: September 13, 2022

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those parties which are as non-registered participants.

Date:   September 13, 2022          /s/ Peter F. Carr, II
                                     Peter F. Carr, II

105747182.1