**STATE OF RHODE ISLAND**

PROVIDENCE, SC                                    SUPERIOR COURT

| | |
|---|---|
| ROBERT J. ROBINSON, GLENDA ROBINSON, GAIL ULLMAN, AUGUSTO S. VALE, ELAINE DURRELL FRYE, DIANE M. CHIRCHIRILLO, NORMA R. SMITH, MICHAEL A. TRUSTY, ELISABETH M. TRUSTY, EDWARD W. TARTY, and MARY LOUISE TARTY ON BEHALF OF THEMSELVES AND ALL OTHERS SO SIMILARLY SITUATED | No. PC-2022-04729 |

                          Plaintiffs,

v.

CALIBER HOME LOANS, INC.,
U.S. BANK TRUST, N.A., AS TRUSTEE FOR
LSF8 MASTER PARTICIPATION TRUST, and
U.S. BANK TRUST, N.A., AS TRUSTEE FOR
LSF9 MASTER PARTICIPATION TRUST,

                          Defendants.

### <u>NOTICE OF FILING NOTICE OF REMOVAL TO FEDERAL COURT</u>

TO:    Civil Clerk's Office                    Todd S. Dion
       Providence Superior Court               681 Park Avenue, Suite 24
       250 Benefit Street                      Cranston, RI  02910
       Providence, RI  02903

       PLEASE TAKE NOTICE that Defendant Caliber Home Loans, Inc. has filed a Notice of

Removal of the above-entitled matter in the office of the Clerk of the United States District Court

for the District of Rhode Island, a copy of which is attached hereto as **Tab A**.

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 9/13/2022 10:45 AM
Envelope: 3784157
Reviewer: Maureen D.

Case 1:22-cv-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 2 of 73 PageID #: 89

Respectfully submitted,

**CALIBER HOME LOANS, INC.,**

By its attorneys,

/s/ Peter F. Carr, II
Peter F. Carr, II (RI Bar #5343)
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Two International Place, 16th Floor
Boston, MA  02110-2602
Telephone: 617.342.6800
Facsimile: 617.342.6899
pcarr@eckertseamans.com

Dated: September 13, 2022


## CERTIFICATE OF SERVICE

I hereby certify that, on September 13, 2022, I caused to be filed and served this document through the electronic filing system on all counsel of record.  The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

/s/ Peter F. Carr, II
Peter F. Carr, II

2

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 9/13/2022 10:45 AM
Envelope: 3784157
Reviewer: Maureen D.

Case 1:22-cv-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 3 of 73 PageID #: 90

# TAB  A

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 9/13/2022 10:45 AM
Envelope: 3784157
Reviewer: Maureen D.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

ROBERT J. ROBINSON; GLENDA
ROBINSON; GAIL ULLMAN; AUGUSTO
S. VALE; ELAINE DURRELL FRYE;
DIANE M. CHIRCHIRILLO; NORMA R.
SMITH; MICHAEL A. TRUSTY;
ELISABETH M. TRUSTY; EDWARD W.
TARTY; and MARY LOUISE TARTY, ON
BEHALF OF THEMSELVES AND ALL
OTHERS SIMILARLY SITUATED,

     Plaintiffs,

v.

CALIBER HOME LOANS, INC.; U.S.
BANK TRUST, N.A., AS TRUSTEE FOR
LSF8 MASTER PARTICIPATION TRUST;
and U.S. BANK TRUST, N.A., AS
TRUSTEE FOR LSF9 MASTER
PARTICIPATION TRUST,

    Defendants.

Case No.:

## NOTICE OF REMOVAL

Defendant Caliber Home Loans, Inc., pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, gives

notice of removal of Providence County Superior Court Case No. PC-2022-04729 to this court.

## I. STATEMENT OF THE CASE

Plaintiffs Robert J. Robinson, Glenda Robinson, Gail Ullman, Augusto S. Vale, Elaine

Durrell Frye, Diane M. Chirchirillo, Norma R. Smith, Michael A. Trusty, Elisabeth M. Trusty,

Edward W. Tarty, and Mary Louise Tarty, on behalf of themselves and all others similarly situated,

commenced the state court action in Providence County Superior Court on August 3, 2022. A

copy of the complaint is attached as **EXHIBIT A**.

The complaint asserts a claim entitled "breach of contract and failure to comply with

1

105747182.1

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 9/13/2022 10:45 AM
Envelope: 3784157
Reviewer: Maureen D.

conditions precedent prior to exercise [of] the statutory power of sale." (Compl. ¶40). Plaintiffs ask the court to enter a declaratory judgment "determining that the notices, publications, foreclosures, and mortgagee's foreclosure sales of [plaintiffs'] properties are void[.]" (Compl. ¶210). They also ask the court to return them "to their status and circumstances prior to the foreclosure, and sale of their properties" and award "actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, [and] equitable relief[.]" (Compl. ¶¶212-213).

## II. BASIS FOR REMOVAL: DIVERSITY JURISDICTION AND CAFA

### A. Diversity jurisdiction

Diversity jurisdiction exists because there is complete diversity between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1).

### i. Complete diversity exists

There must be complete diversity between the plaintiffs and all defendants to meet the diversity requirement. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

The plaintiffs are Rhode Island and Florida citizens. Plaintiff Diane Chirchirillo alleges she is located in Florida. (Compl. ¶17.) The remaining plaintiffs allege they are located in Rhode Island. (Compl. ¶¶13-16, 17-20).

Caliber is a Delaware and Texas citizen. For diversity purposes, a corporation is a citizen of both the state of where it is incorporated and state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Caliber is incorporated in Delaware and has its principal place of business in Texas.

U.S. Bank Trust, National Association is sued in its capacity as trustee for two named trusts, LSF8 Master Participation Trust and LSF9 Master Participation Trust. Its citizenship

2

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 9/13/2022 10:45 AM
Envelope: 3784157
Reviewer: Maureen D.

Case 1:23-cv-00437-PAS Document 1-1 Filed 09/30/23 Page 3 of 7 PageID #: 93

controls for diversity purposes. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 46 (1980). U.S. Bank Trust is a Delaware citizen because it is a national banking association and its articles of association establish its main office there. 28 U.S.C. § 1348; *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 313-14 (2006).

### ii. The amount in controversy exceeds $75,000

"Courts have repeatedly held that the value of the matter in controversy is measured not by the monetary judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those involved in the litigation." *Richard C. Young & Co., Ltd. v. Leventhal*, 389 F.3d 1, 3 (1st Cir. 2004). In a declaratory judgment action, the amount in controversy is measured by "the value of the object of the litigation." *Hunt v. Wa. State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977).

The amount in controversy exceeds $75,000 because plaintiffs seek to void the foreclosure and foreclosure sales of 8 properties below, all of which have a current value exceeding $75,000:

1. 807 Pontiac Avenue, Cranston, Rhode Island 02910 (Compl. ¶13)

2. 39 Burns Street, Providence, Rhode Island 02904 (Compl. ¶14)

3. 44 Adams Avenue, East Providence, Rhode Island 02915 (Compl. ¶15)

4. 57 Helen Avenue, Coventry, Rhode Island 02816 (Compl. ¶16)

5. 270 Taft Street, Pawtucket, Rhode Island 02860 (Compl. ¶17)

6. 1196-1198 Main Street, Coventry, Rhode Island 02816 (Compl. ¶18)

7. 446 Carrington Avenue, Woonsocket, Rhode Island 02904 (Compl. ¶19)

8. 180 Holden Street, Providence, Rhode Island 02908. (Compl. ¶20)

Where, as here, a plaintiff challenges the enforcement of a mortgage loan including through foreclosure, the "object of the litigation" is the property at issue and the subject mortgage loan.

105747182.1

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 9/13/2022 10:45 AM
Envelope: 3784157
Reviewer: Maureen D.

Case 1:22-cv-00337-WES-PAS Document 1 Filed 09/09/22 Page 4 of 73 PageID #: 94

*See Morse v. Res. Cr. Solns., Inc.*, No. 11-12275-RWZ, 2012 WL 458492 (D. Mass. Feb. 3, 2012) (citing *Bedard v. Mortgage Electronic Registration Sys., Inc.*, No. 11-cv-17-JL, 2011 WL 1792738, at *2-3 (D.N.H. May 11, 2011) (collecting cases)); *Aliberti v. GMAC Mortg., LLC*, 779 F. Supp.2d 242, 245 (D. Mass. 2011); *McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 212 (1st Cir. 2012); *see also Borges v. Bank of N.Y. Mellon*, No. 1:13-cv-02623-WBH, 2014 WL 12042548, at *2 (N.D. Ga. Aug. 27, 2014) (using property value to find amount in controversy requirement satisfied where plaintiff sought to "cancel" an assignment and foreclosure deed); *Burr v. JPMorgan Chase Bank, N.A.*, No. 4:11-cv-03519, 2012 WL 1016121, at *5 (S.D. Tex. Mar. 23, 2012) (value of property determined amount in controversy even where foreclosure has already occurred because mortgagors sought "reinstatement of title to the home upon which the Defendants have foreclosed.")

True and correct copies of the most recent property records available from the tax assessors for the cities and towns in which each of the 8 properties are located are attached as **EXHIBIT B**.

## B.    Class Action Fairness Act

This court also has subject matter jurisdiction under the Class Action Fairness Act of 2005 pursuant to 28 U.S.C. §§ 1332(d), 1453 (**CAFA**) because (**1**) plaintiffs allege the putative class contains "hundreds of individuals"; (**2**) the citizenship of at least one class member is different than that of any defendant; and (**3**) the aggregate amount placed in controversy by plaintiffs and the putative class members' claims is likely to exceed $5 million, exclusive of interest and costs.

### i.    Number of class members

The complaint confirms the number of individuals in the putative class exceeds 100. Plaintiffs allege "the class encompasses hundreds of individuals." (Compl. ¶169).

4

105747182.1

### ii. Diversity

As set forth above, the parties are completely diverse, which also satisfies CAFA's requirement that at least one member of the potential class of plaintiffs is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

### iii. The aggregate amount in controversy exceeds $5 million

Under CAFA, the claims of all putative class members in a class action are aggregated to determine if the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(6).

The class action complaint defines a proposed class of plaintiffs whose properties were foreclosed in violation of R.I.G.L. § 19-14.11-1 between July 1, 2015 and December 28, 2016. (Compl. ¶159). These class members each seek an order returning them "to their status and circumstances prior to the foreclosure, and sale of their properties" and an award of "actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, [and] equitable relief[.]" (Compl. ¶¶212-213). Plaintiffs' 8 properties alone are valued over $2 million according to the most recent assessor records. (*See* **EXHIBIT B**). Adding in the property values of the properties formerly owned by the "hundreds" of unnamed class members, the aggregate amount in controversy exceeds $5 million.

## III. ALL PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

1. Caliber's removal is timely under 28 U.S.C. § 1446(b). Plaintiffs mailed the summons and complaint to "Caliber Home Loans, Inc., 1525 S. Belt Line Road, Coppell, Texas 75019" via certified mail on August 11, 2022. Caliber received the mailing on August 15, 2022, and files this removal within 30 days thereafter.

2. This court is the appropriate forum. Plaintiffs filed suit in Providence, Rhode Island. The United States District Court for the District of Rhode Island is the federal district court

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 9/13/2025 10:45 AM
Envelope: 3784157
Reviewer: Maureen D.

embracing Providence.

3.      Copies of all process, pleadings, and orders filed in the state court action and served on Caliber are attached as **Exhibits A and C** (complaint and summons).

4.      All Defendants consent to removal.  The undersigned also represents Defendants U.S. Bank Trust, N.A., as trustee for LSF8 Master Participation Trust and U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust, and they both consent to removal.

5.      Caliber will promptly file a copy of this notice of removal with the clerk of the Superior Court for Providence County and will serve such notice on Plaintiffs under 28 U.S.C. § 1446(d).  A copy of the Notice to the Clerk of the Providence County Superior Court is attached hereto as **Exhibit D**.

6.      Pursuant to Local Rule 81.1(a), Caliber will do what is necessary to enable the state court clerk to assemble and electronically transmit a certified copy of the docket sheet and all documents filed in state court.

7.      By this notice, Caliber does not waive any objections to service, jurisdiction, venue, or any other defenses or objections it may have.  Caliber reserves all defenses, motions, and pleas. Caliber prays that the action be removed to this court, all further proceedings in the state court be stayed, and Caliber receive all additional relief to which it is entitled.

## IV.  CONCLUSION

**WHEREFORE**, Defendant Caliber Home Loans, Inc. gives notice that Case No. PC-2022-04729 pending in the Providence County Superior Court is removed to the United States District Court for the District of Rhode Island.

6

105747182.1

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 9/13/2022 10:45 AM
Envelope: 3784157
Reviewer: Maureen D.

Respectfully submitted,

**CALIBER HOME LOANS, INC.,**

By its attorneys,

/s/ Peter F. Carr, II
Peter F. Carr, II (RI Bar #5343)
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Two International Place, 16th Floor
Boston, MA  02110-2602
Telephone: 617.342.6800
Facsimile: 617.342.6899
pcarr@eckertseamans.com

Dated: September 13, 2022

## CERTIFICATE OF SERVICE

     I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those parties which are as non-registered participants.

Date:   September 13, 2022       /s/ Peter F. Carr, II
                                     Peter F. Carr, II

7

105747182.1

# SC DOCKET SHEET
## CASE NO. PC-2022-04729

| | | | |
|---|---|---|---|
| **Robert Robinson et al.** | § | Location: | **Providence/Bristol County Superior Court** |
| v. | § | | |
| **Caliber Home Loans, Inc. et al.** | § | Filed on: | **08/03/2022** |
| | § | US District Court Case Number: | **1:22-cv-00337** |
| | § | | |

---

### CASE INFORMATION

**Statistical Closures**
09/13/2022    Closed-Non-Trial-Unassigned-Remanded to District Court

Case Type: **Civil Action**

Case Status: **09/13/2022    Closed**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | PC-2022-04729 |
| Court | Providence/Bristol County Superior Court |
| Date Assigned | 08/03/2022 |

---

### PARTY INFORMATION

| | | | *Lead Attorneys* |
|---|---|---|---|
| **Plaintiff** | **Chirchirillo, Diane** | | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| | **Frye, Elaine Durrell** | | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| | **Robinson, Glenda** | | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| | **Robinson, Robert L.** | | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| | **Smith, Norma R** | | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| | **Tarty, Edward W** | | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| | **Tarty, Mary Louise** | | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| | **Trusty, Elisabeth M** | | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| | **Trusty, Michael A** | | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| | **Ullman, Gail** | | **Dion, Todd**<br>*Retained*<br>4019654131(W) |

*Printed on 09/13/2022 at 12:59 PM*

PROVIDENCE/BRISTOL COUNTY SUPERIOR COURT

# SC Docket Sheet
## Case No. PC-2022-04729

| | | |
|---|---|---|
| Vale, Augusto S | | Dion, Todd |
| | | *Retained* |
| | | 4019654131(W) |

| | | | |
|---|---|---|---|
| Defendant | Caliber Home Loans, Inc. | | CARR, PETER FRANCIS, II |
| | | | *Retained* |
| | | | 6173426800(W) |
| | US Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust | | CARR, PETER FRANCIS, II |
| | | | *Retained* |
| | | | 6173426800(W) |
| | US Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust | | CARR, PETER FRANCIS, II |
| | | | *Retained* |
| | | | 6173426800(W) |

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|

## EVENTS

| | |
|---|---|
| 09/13/2022 | Closed-Non-Trial-Unassigned-Remanded to District Court |
| 09/13/2022 | Case Removed to US District Court |
| 09/13/2022 | Notice of Removal |
| | *Notice of Filing Notice of Removal to Federal Court* |
| 09/07/2022 | Motion Not Scheduled |
| | *No hearing date requested* |
| 09/06/2022 | Motion for Extension of Time |
| | *Assented-to Motion of Defendants to Enlarge Time to File Responsive Pleading* |
| 09/06/2022 | Entry of Appearance |
| | *Notice of Appearance of Peter F. Carr, II* |
| 08/04/2022 | Summons |
| 08/03/2022 | Complaint Filed |
| | *initial complaint* |



## STATE OF RHODE ISLAND
## AND PROVIDENCE PLANTATIONS

### CLERK'S CERTIFICATE AND TRANSMITTAL OF THE RECORD

**Case Information**

Case Caption: Robert Robinson et al. vs. Caliber Home Loans, Inc. et al.

Federal Court Case No. 1:22-cv-00337     State Court Case No. PC 2022-04729

**Record Information**

Confidential:         Yes ☐   No ☑   Description: _____

Sealed documents:     Yes ☐   No ☑   Description: _____

**Certification**

I, Stephen Burke _____, Clerk of the Rhode Island Superior Court for the County of Providence ☑ do certify that the attached documents are all the documents included in the record in the above referenced case.

Date: Sep/13/2022

Clerk:
/s/ Stephen Burke

Prepared by:
/s/ Victoria Reakes-Higgins

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 9/6/2022 2:36 PM
Envelope: 3773815
Reviewer: Carol M.

Case 1:22-cv-00337-MSM-PAS   Document 6   Filed 09/13/22   Page 14 of 73 PageID #: 101

**STATE OF RHODE ISLAND**

PROVIDENCE, SC                                                SUPERIOR COURT

| | |
|---|---|
| ROBERT J. ROBINSON, GLENDA ROBINSON, ) <br> GAIL ULLMAN, AUGUSTO S. VALE, ) <br> ELAINE DURRELL FRYE, ) <br> DIANE M. CHIRCHIRILLO, NORMA R. SMITH, ) <br> MICHAEL A. TRUSTY, ELIZABETH M. TRUSTY, ) <br> EDWARD W. TARTY, and MARY LOUISE TARTY ) <br> ON BEHALF OF THEMSELVES AND ALL ) <br> OTHERS SO SIMILARLY SITUATED ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> CALIBER HOME LOANS, INC., ) <br> U.S. BANK TRUST, N.A., AS TRUSTEE FOR ) <br> LSF8 MASTER PARTICIPATION TRUST, and ) <br> U.S. BANK TRUST, N.A., AS TRUSTEE FOR ) <br> LSF9 MASTER PARTICIPATION TRUST, ) <br> ) <br> Defendants. ) | C.A. No. PC-2022-04729 |

## ASSENTED-TO MOTION OF DEFENDANTS TO
## ENLARGE TIME TO FILE RESPONSIVE PLEADING

Defendants Caliber Home Loans, Inc., U.S. Bank Trust, N.A., as Trustee for LSF8

Master Participation Trust, and U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation

Trust, by and through undersigned counsel, respectfully request this Court to enlarge the time to file

a responsive pleading to Plaintiffs' Complaint up to and including September 26, 2022. Plaintiffs,

through counsel, assent to the extension. In support of the extension, Defendants were recently

served with this putative class action complaint and require additional time to respond to the filing.

Plaintiffs will not suffer any undue prejudice from the extension. Defendants do not otherwise

seek to delay this action.

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 9/6/2022 2:36 PM
Envelope: 3773815
Reviewer: Carol M.

For the foregoing reasons, Defendants Caliber Home Loans, Inc., U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, and U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust request this Court to enlarge the deadline to file a responsive pleading up to and including September 26, 2022.

Respectfully submitted,

**CALIBER HOME LOANS, INC., U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST, and U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST,**

By their attorneys,

/s/ Peter F. Carr, II
Peter F. Carr, II (RI Bar # 5343)
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Two International Place, 16th Floor
Boston, MA  02110-2602
Telephone: 617.342.6800
Facsimile: 617.342.6899
pcarr@eckertseamans.com

Dated: September 6, 2022

**ASSENTED-TO:**

**REPRESENTATIVE PLAINTIFFS**,

By their attorney,

/s/ Todd S. Dion
Todd S. Dion (RI Bar #6852)
681 Park Avenue, Suite 24
Cranston, RI 02910
Telephone: 401.965.4131
Facsimile: 401.270.2202
toddsdion@msn.com

2

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 9/6/2022 2:36 PM
Envelope: 3773815
Reviewer: Carol M.

Case 1:22-cv-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 16 of 73 PageID #: 103

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on September 6, 2022, I caused to be filed and served this document through the electronic filing system on all counsel of record. The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

/s/ Peter F. Carr, II
Peter F. Carr, II

3

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 9/6/2022 2:36 PM
Envelope: 3773815
Reviewer: Carol M.

Case 1:22-cv-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 17 of 73 PageID #: 104

**STATE OF RHODE ISLAND**
PROVIDENCE, SC                                    SUPERIOR COURT

| | |
|---|---|
| ROBERT J. ROBINSON, GLENDA ROBINSON, GAIL ULLMAN, AUGUSTO S. VALE, ELAINE DURRELL FRYE, DIANE M. CHIRCHIRILLO, NORMA R. SMITH, MICHAEL A. TRUSTY, ELIZABETH M. TRUSTY, EDWARD W. TARTY, and MARY LOUISE TARTY ON BEHALF OF THEMSELVES AND ALL OTHERS SO SIMILARLY SITUATED | ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) C.A. No. PC-2022-04729 ) |
| v. | ) ) |
| CALIBER HOME LOANS, INC., U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST, and U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## <u>NOTICE OF APPEARANCE</u>

Kindly enter the appearance of Peter F. Carr, II as counsel for Defendants Caliber Home

Loans, Inc., U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, and U.S.

Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust in the above-captioned matter.

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 9/6/2022 2:36 PM
Envelope: 3773815
Reviewer: Carol M.

Case 1:22-cv-00337-MSM-PAS   Document 6   Filed 09/13/22   Page 18 of 73 PageID #: 105

Respectfully submitted,

**CALIBER HOME LOANS, INC., U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST, and U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST,**

By their attorneys,

/s/ Peter F. Carr, II
Peter F. Carr, II (RI Bar # 5343)
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Two International Place, 16th Floor
Boston, MA  02110-2602
Telephone: 617.342.6800
Facsimile: 617.342.6899
pcarr@eckertseamans.com

Dated:  September 6, 2022

## CERTIFICATE OF SERVICE

I hereby certify that, on September 6, 2022, I caused to be filed and served this document through the electronic filing system on all counsel of record.  The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

/s/ Peter F. Carr, II
Peter F. Carr, II

2



# STATE OF RHODE ISLAND

## SUPERIOR COURT

### SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2022-04729 |
| **Plaintiff**<br>Robert Robinson et al.<br> v.<br>Caliber Home Loans, Inc. et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Todd Dion |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>681 PARK AVENUE<br>SUITE 21<br>CRANSTON RI  02910 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>425 Walnut Street<br>Cincinnati OH  45202 |

**TO THE DEFENDANT, US Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 8/4/2022. | /s/ Stephen Burke<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

| **Plaintiff** Robert Robinson et al. v. Caliber Home Loans, Inc. et al. **Defendant** | **Civil Action File Number** PC-2022-04729 |
|---|---|

---

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, US Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person of suitable age and discretion _____

Address of dwelling house or usual place of abode _____

_____

Age _____

Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.

Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.

Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.

  Name  of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.

  Name  of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

_____

| SERVICE DATE: _____/_____/_____ | SERVICE FEE $_____ |
| --- | --- |
| Month    Day    Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

 Signature

State of _____

County of _____

   On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or  ☐  proved  to  the  notary  through  satisfactory  evidence  of  identification,  which  was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____

My commission expires: _____

Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2022-04729 |
| **Plaintiff**<br>Robert Robinson et al.<br> v.<br>Caliber Home Loans, Inc. et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Todd Dion |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>681 PARK AVENUE<br>SUITE 21<br>CRANSTON RI  02910 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>1525 S Belt Line Rd<br>Coppell TX  75019 |

**TO THE DEFENDANT, Caliber Home Loans, Inc.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 8/4/2022. | /s/ Stephen Burke<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

| **Plaintiff**<br>Robert Robinson et al.<br> v.<br>Caliber Home Loans, Inc. et al.<br>**Defendant** | **Civil Action File Number**<br>PC-2022-04729 |
| --- | --- |

---

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Caliber Home Loans, Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name  of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name  of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.

Name  of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.

Name  of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____
_____

| SERVICE DATE: _____/_____/_____ | SERVICE FEE $_____ |
| Month    Day    Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

Signature

State of _____

County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____

My commission expires: _____

Notary identification number: _____

Page 2 of 2



# STATE OF RHODE ISLAND

## SUPERIOR COURT

### SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2022-04729 |
| **Plaintiff**<br>Robert Robinson et al.<br> v.<br>Caliber Home Loans, Inc. et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Todd Dion |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>681 PARK AVENUE<br>SUITE 21<br>CRANSTON RI  02910 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>425 Walnut Street<br>Cincinnati OH  45202 |

**TO THE DEFENDANT, US Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 8/4/2022. | /s/ Stephen Burke<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

| | |
|---|---|
| **Plaintiff**<br>Robert Robinson et al.<br> v.<br>Caliber Home Loans, Inc. et al.<br>**Defendant** | **Civil Action File Number**<br>PC-2022-04729 |

---

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, US Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person of suitable age and discretion _____

Address of dwelling house or usual place of abode _____

_____

Age _____

Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.

Name  of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.

Name  of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

# SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
  Name  of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
  Name  of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
  Name of authorized agent _____

  If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

  _____

☐ I was unable to make service after the following reasonable attempts: _____

  _____

| SERVICE DATE: _____/_____/_____ | SERVICE FEE $ _____ |
| Month    Day    Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

 Signature

State of _____

County of _____

   On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or  ☐  proved  to  the  notary  through  satisfactory  evidence  of  identification,  which  was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____

My commission expires: _____

Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2020)

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

1:22-cv-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 28 of 73 PageID #: 115

**STATE OF RHODE ISLAND**                          **SUPERIOR COURT**
**PROVIDENCE, SC**

_____
                                                    )
ROBERT J. ROBINSON & GLENDA ROBINSON;               )
GAIL ULLMAN; AUGUSTO S. VALE;                       )
ELAINE DURRELL FRYE; DIANE M. CHIRCHIRILLO;         )    CA. NO.
NORMA R. SMITH;                                     )
MICHAEL A. TRUSTY & ELISABETH M. TRUSTY             )    CLASS ACTION
EDWARD W. TARTY & MARY LOUISE TARTY                 )    COMPLAINT
ON BEHALF OF THEMSELVES AND ALL OTHERS              )
SO SIMILARLY SITUATED                               )    JURY DEMANDED
                                                    )
                    *PLAINTIFFS*                     )
                                                    )
V.                                                  )
                                                    )
CALIBER HOME LOANS, INC.;                           )
                                                    )
U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8          )
MASTER PARTICIPATION TRUST                          )
                                                    )
U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9          )
MASTER PARTICIPATION TRUST                          )
                                                    )
                    *DEFENDANTS.*                    )
_____

## <u>INTRODUCTION</u>

1.      The Representative Plaintiffs, Robert J. Robinson & Glenda Robinson, Gail Ullman,

Augusto S. Vale, Elaine Durrell Frye, Diane M. Chirchirillo, Norma M. Smith, Michael A. Trusty

& Elisabeth M. Trusty, and Edward W. Tarty & Mary Louise Tarty on behalf of themselves and

all others so similarly situated, bring this class action as described in the paragraphs set forth

herein. The Representative Plaintiffs seek damages and declaratory judgments that foreclosures

and mortgagee's foreclosure sales of the Plaintiffs' properties by Defendants are void due to

Defendants' breaches of contract and breaches of condition precedents to the Statutory Power of

Sale for failing to foreclose in a manner prescribed by "applicable law" by foreclosing and

conducting mortgagee's sales in violation of R.I.G.L. § 19-14.11-1.  Said statute and mortgage

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

1:22-cv-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 29 of 73 PageID #: 116

contracts required that the Defendant first obtain a third-party servicing license with the State of Rhode Island Department of Business Regulation prior to foreclosing on the Representative Plaintiffs' properties. Representative Plaintiffs further seek damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. <u>Andrade v. Ocwen Loan Servicing, LLC,</u> C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

2.      The Representative Plaintiffs herein pray this Honorable Court find that the Defendants are in Breach of Contract, declare that foreclosures and mortgagee sales of the Representative Plaintiffs and class members mortgages and properties be declared void, enjoin the Defendants from further wrongful conveyance of Plaintiffs and class members properties, that the Defendants be Ordered to return the Representative Plaintiffs and class members to their status prior to the wrongful foreclosures and sales, including but not limited to, the rescission of all wrongful foreclosures and sales, and award the Plaintiffs and class members damages for the untimely loss of property due to the Defendants' misconduct.

## JURISDICTION AND VENUE

3.      Venue is proper in this Court in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of the action is situated within the State of Rhode Island.

4.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(a), this complaint is a putative class action in which the class is so numerous that joinder of all members is impracticable, there are questions of law and fact common to the class, and the claims of the Representative Plaintiff are typical of the claims of the class. Further, the Representative Plaintiff will fairly and adequately protect the interest of the class.

2

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

Case 1:22-cv-00337-MSM-PAS   Document 6   Filed 09/13/22   Page 30 of 73 PageID #: 117

5.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(2), the Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

6.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3), the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

7.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(A), it is not in the best interest of members of the class to individually control the prosecution or defense of separate actions.

8.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(B), the specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

9.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(C), it is desirable to concentrate the litigation of the claims in this particular forum.

10.     Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(D), there are little to no difficulties likely to be encountered in the management of a classification.

11.     Plaintiff and members of the class claim ownership of their rightful property and seek to clear their titles of all illegal encumbrances pursuant to the void foreclosures.

12.     Plaintiff and members of the class claim a right to seek actual, exemplary, punitive, and monetary damages for the Defendant's violation of R.I.G.L. § 19-14.11-1 and breach of the mortgage contracts.

## **PARTIES**

13.     Representative Plaintiffs, Robert L. Robinson and Glenda Robinson, claim to be the rightful owners of 807 Pontiac Avenue, Cranston, RI 02910 which is one of the "subject properties" referenced herein.  They are located at 27 Berkley Street, Cranston, RI 02910.

14.     Representative Plaintiff, Gail Ullman, claims to be the rightful owner of 39 Burns Street, Providence, RI 02904, which is one of the "subject properties" referenced herein.  She is located at 168 Pomona Avenue, Providence, RI 02908.

3

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

Case 1:22-cv-00337-MSM-PAS   Document 6   Filed 09/13/22   Page 31 of 73 PageID #: 118

15.     Representative Plaintiff, Augusto S. Vale, claims to be the rightful owner of 44 Adams Avenue, East Providence, RI 02915, which is one of the "subject properties" referenced herein. She is located at 67 Lorraine Avenue, Pawtucket, RI.

16.     Representative Plaintiff, Elaine Durrell Frye, claims to be the rightful owner of 57 Helen Avenue, Coventry, RI 02816 which is one of the "subject properties" referenced herein. They are located at 480 South County Trail #127, Exeter, RI 02822.

17.     Representative Plaintiff, Diane Chirchirillo, claims to be the rightful owner of 270 Taft Street, Pawtucket, RI 02860, which is one of the "subject properties" referenced herein. She is located at Sun City Center, FL 33573.

18.     Representative Plaintiff, Norma R. Smith, claims to be the rightful owner of 1196-1198 Main Street, Coventry, RI 02816, which is one of the "subject properties" referenced herein. She is located at 684 Washington Street, Apt 4, Coventry, RI 02816.

19.     Representative Plaintiffs, Michael A. Trusty and Elisabeth M. Trusty, claim to be the rightful owners of 446 Carrington Avenue, Woonsocket, RI, which is one of the "subject properties" referenced herein. They are located at 8 Laurence Street, North Providence, RI 02904.

20.     Representative Plaintiffs, Edward W. Tarty and Mary Louise Tarty, claim to be the rightful owners of 180 Holden Street, Providence, RI 02908, which is one of the "subject properties" referenced herein. They are located at 153 Whitmarsh Street, Providence, RI.

21.     Defendant, Caliber Home Loans, Inc., is a mortgage servicer located at 1525 S belt Line Rd,, Coppell, TX 75019. Caliber failed to obtain a third-party servicing license and was not permitted by the Applicable Law provisions of Class Plaintiffs' Mortgages to act on behalf of Defendant U.S. Bank in order to notice, publish and invoke the Statutory Power of Sale on the

properties of Class Plaintiffs. Caliber further was not permitted by applicable law and the mortgage contracts to execute all affidavits and foreclosure deeds of behalf of U.S. Bank.

22.      Defendant, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust (U.S. Bank), is the trustee of a securitized trust that claimed to hold the Representative Plaintiffs' Robinson, Ullman, Vale and Tarty's Mortgages and Notes at the time of the invalid foreclosure sales. U.S. Bank is located at 425 Walnut Street, Cincinnati, OH 45202.

23.      Defendant, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust (U.S. Bank), is the trustee of a securitized trust that claimed to hold the Representative Plaintiffs' Frye, Chirchirillo, Smith, and Trusty's, Mortgages and Notes at the time of the invalid foreclosure sales. U.S. Bank is located at 425 Walnut Street, Cincinnati, OH 45202.

24.      At all times herein mentioned, Defendants, Caliber and U.S. Bank both individually and collectively, are and were agents and/or joint venturers of each other, and in doing the acts alleged herein were acting within the course and scope of such agency.

25.      Defendants, Caliber and U.S. Bank had actual and/or constructive knowledge of the acts of the other as described herein, and ratified, approved, joined in, acquiesced in, and/or authorized the acts of the other, and/or retained the benefits of said acts

## ALLEGATIONS OF THE REPRESENTATIVE ROBINSON PLAINTIFFS

26.     The Robinson Representative Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

27.     Representative Plaintiffs, Robert L. Robinson and Glenda Robinson, claim to be the rightful owners of 807 Pontiac Avenue, Cranston, RI 02910 which is the "subject property" referenced herein.

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H
1:22-cv-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 33 of 73 PageID #: 120

28.     On or before October 30, 2001, the Robinson Plaintiffs were conveyed the subject property.

The Deed granting the property to Plaintiff was recorded in the City of Cranston Land Evidence

Records in Book 1544 at Page 44 on October 31, 2001.

29.     On June 23, 2005, the Robinson Plaintiffs executed a promissory note and mortgage deed

in favor of Mortgage Electronic Registration Systems as Mortgagee and Capital One Home Loans,

LLC as lender. ("Robinson Mortgage/Note"). The Robinson Mortgage was recorded in the City of

Cranston Land Evidence Records in Book 3172 at page 1 on October 13, 2005.

30.     The Robinson Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration
> following Borrower's breach of any covenant or agreement in this Security Instrument…The
> notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not
> less than 30 days from the date the notice is given to Borrower, by which the default must be
> cured; and (d) that failure to cure the default on or before the date specified in the notice may
> result in acceleration of the sums secured by this Security Instrument and sale of the Property.
> The notice shall further inform Borrower of the right to reinstate after acceleration and the
> right to bring a court action to assert the non-existence of a default or any other defense of
> Borrower to acceleration and sale. If the default is not cured on or before the date specified in
> the notice, Lender at its option may require immediate payment in full of all sums secured by
> this Security Instrument without further demand and may invoke the STATUTORY POWER
> OF SALE and <u>any other remedies permitted by Applicable Law</u>. Lender shall be entitled to
> collect all expenses incurred in pursuing the remedies provided in this Section 22, including,
> but not limited to, reasonable attorneys' fees and costs of title evidence.
> If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice
> of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the
> <u>Property shall be sold in the manner prescribed by Applicable Law</u>. Lender or its designee
> may purchase the Property at any sale. The proceeds of the sale shall be applied in the
> following order: (a) to all expenses of the sale, including, but not limited to, reasonable
> attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the
> person or persons legally entitled to it.

31.     On May 1, 2015, the mortgage was assigned to U.S. Bank.  Said purported "Assignment

of Mortgage" was recorded in the City of Cranston Land Evidence Records in Book 5060 Page

268 on May 20, 2016.

6

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

1:22-cv-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 34 of 73 PageID #: 121

32.    Caliber became the servicer of the Robinson Mortgage prior to 2015 and remained the servicer without first obtaining a servicing license with the State of Rhode Island prior to foreclosing on the Robinson property.

33.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

34.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

35.    On or about July 23, 2015, Caliber, acting as third-party servicer on behalf of U.S. Bank, caused to be sent to the Robinson Plaintiffs a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of September 15, 2015.  Caliber also caused to published said notice on August 25, 2015, September 1, 2015 and September 8, 2015.

36.    The Robinson Plaintiffs allege that from July 1, 2015 through December 28, 2016, including on July 23, 2015 through January 12, 2016, Caliber was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

1:22-CV-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 35 of 73 PageID #: 122

37.     The Robinson Plaintiff alleges, that on September 15, 2015, Caliber, acting as third-party mortgage servicer for U.S. Bank foreclosed the Robinson Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

38.     The Robinson Plaintiffs allege, that on January 11, 2016, Caliber executed a Foreclosure Deed and a mediation affidavit pursuant to R.I.G.L. 34-27-3.2 as servicer for U.S. Bank granting the property to U.S. Bank. The Foreclosure Deed was recorded on January 12, 2016 in the City of Cranston Land Evidence Records in Book 5171 at Page 283. Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

39.     The Robinson Plaintiffs allege, that the foreclosure and sale are in breach of paragraph 22 of the Robinson Mortgage, which requires that [the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies in the manner prescribed by Applicable Law (Emphasis Added). As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Robinson Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

40.     As all actions of Caliber in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

1:22-cv-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 36 of 73 PageID #: 123

to R.I.G.L. § 19-14-26, Caliber and U.S. Bank failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to, prescribed by and permitted by "applicable law", thus breaching the Robinson Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

41.    As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Robinson Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: <u>Martins v. Federal Housing Finance Agency, et al.</u>, C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: <u>In re Demers</u>, <u>511 B.R. 233</u>, 238, 239 (Bankr. D.R.I. 2014)).

42.    The Robinson Plaintiffs and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See <u>Andrade v. Ocwen Loan Servicing, LLC</u>, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

## <u>ALLEGATIONS OF THE REPRESENTATIVE ULLMAN PLAINTIFFS</u>

43.    The Ullman Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

44.    Plaintiff, Gail Ullman., claims to be the rightful owner of 39 Burns Street, Providence, RI 02904 which is the "subject property" referenced herein.

45.    On March 3, 2000, the Ullman Plaintiff was conveyed the subject property. The Deed granting the property to the Ullman Plaintiff was recorded in the City of Providence Land Evidence Records in Book 4308, at Page 48 on March 3, 2000.

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

2-CV-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 37 of 73 PageID #: 124

46.     On February 28, 2005, the Ullman Plaintiff executed a promissory note and mortgage deed in the sum of One-Hundred and Eight-Eight Thousand Dollars ($188,000.00) in favor of Calusa Investments, LLC. as lender and Mortgage Electronic Registration Systems ("MERS") as mortgagee. ("Ullman Mortgage/Note"). The Ullman Mortgage was recorded in the City of Providence Land Evidence Records in Book 7146, at page 154 on March 11, 2005.

47.     The Ullman Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

> If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

48.     On or about July 29, 2014, the mortgage was assigned to U.S. Bank. Said purported "Assignment of Mortgage" was recorded in the City of Providence Land Evidence Records in Book 10920 Page 151 on July 29, 2014.

10

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

Case 1:22-cv-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 38 of 73 PageID #: 125

49.    Caliber became the servicer of the Ullman Mortgage prior to 2015 without first obtaining a servicing license with the State of Rhode Island.

50.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

51.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

52.    On or about January 21, 2016, Caliber, acting as third-party servicer on behalf of U.S. Bank, caused to be sent to the Ullman Plaintiffs a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of March 14, 2016.  Caliber also caused to published said notice on February 22, 2016, February 29, 2016 and March 7, 2016.

53.    The Ullman Plaintiffs allege that from July 1, 2015 through December 28, 2016, including on January 21, 2016 through April 26, 2016, Caliber was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

11

54.     The Ullman Plaintiffs allege, that on March 14, 2016, Caliber, acting as third-party mortgage servicer for U.S. Bank foreclosed the Ullman Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

55.     The Ullman Plaintiffs allege, that on April 13, 2016 Caliber executed a Foreclosure Deed as servicer for U.S. Bank granting the property to U.S. Bank. The Foreclosure Deed was recorded on April 26, 2016 in the City of Providence Land Evidence Records in Book 11376 at Page 161. Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

56.     The Ullman Plaintiffs also allege, that the foreclosure and sale are in breach of paragraph 22 of the Ullman Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)." As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Ullman Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

57.     As all actions of Caliber in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant

to R.I.G.L. § 19-14-26, Caliber and U.S. Bank failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to, prescribed by and permitted by "applicable law", thus breaching the Ullman Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

58.    As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 22 of the Ullman Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

59.    The Ullman Plaintiffs and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

## ALLEGATIONS OF THE VALE REPRESENTATIVE PLAINTIFF

60.    The Vale Representative Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

61.    Plaintiff, Augusto S. Vale, claims to be the rightful owner of 44 Adams Avenue, East Providence, RI 02915 which is the "subject property" referenced herein.

62.    Plaintiff Vale was conveyed the subject property. The Deed granting the property to Plaintiff Vale was recorded in the City of East Providence Land Evidence Records in Book 1161 at Page 56 on July 21, 1995.

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

1:22-cv-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 41 of 73 PageID #: 128

63.     On September 30, 2005, the Plaintiff executed a mortgage and note to Calusa Investments,

LLC. as Lender and Mortgage Electronic Registration Systems, Inc. (MERS) as Mortgagee. Said

mortgage was secured against the subject property and recorded in the City of East Providence

Land Evidence Records in Book 2593 at Page 286 on December 20, 2005. ("The Vale Mortgage").

64.     The Vale Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to
> acceleration following Borrower's breach of any covenant or agreement in this
> Security Instrument…The notice shall specify: (a) the default; (b) the action
> required to cure the default; (c) a date, not less than 30 days from the date the notice
> is given to Borrower, by which the default must be cured; and (d) that failure to
> cure the default on or before the date specified in the notice may result in
> acceleration of the sums secured by this Security Instrument and sale of the
> Property. The notice shall further inform Borrower of the right to reinstate after
> acceleration and the right to bring a court action to assert the non-existence of a
> default or any other defense of Borrower to acceleration and sale. If the default is
> not cured on or before the date specified in the notice, Lender at its option may
> require immediate payment in full of all sums secured by this Security Instrument
> without further demand and may invoke the STATUTORY POWER OF SALE and
> any other remedies permitted by Applicable Law. Lender shall be entitled to collect
> all expenses incurred in pursuing the remedies provided in this Section 22,
> including, but not limited to, reasonable attorneys' fees and costs of title evidence.

> If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy
> of a notice of sale to Borrower as provided in Section 15. Lender shall publish the
> notice of sale, and the Property shall be sold in the manner prescribed by Applicable
> Law. Lender or its designee may purchase the Property at any sale. The proceeds
> of the sale shall be applied in the following order: (a) to all expenses of the sale,
> including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by
> this Security Instrument; and (c) any excess to the person or persons legally entitled
> to it.

65.     On September 23, 2014, the Vale Mortgage was purportedly assigned to US Bank. Said

assignment was recorded in the City of East Providence Land Evidence Records in Book 3622 at

Page 6 on November 20, 2014.

66.     Caliber became the servicer of the Vale Mortgage prior to 2015 without first obtaining a

servicing license with the State of Rhode Island.

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

Case 1:22-cv-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 42 of 73 PageID #: 129

67.     On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

68.     Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

69.     On or about September 7, 2015, Caliber, acting as third-party servicer on behalf of U.S. Bank, caused to be sent to the Plaintiff Vale a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of October 28, 2015. Caliber also caused to published said notice on October 7, 2015, October 14, 2015 and October 21, 2015.

70.     The Plaintiff Vale alleges that from July 1, 2015 through December 28, 2016, including on September 7, 2015 through March 8, 2016, Caliber was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

71.     On October 28, 2015, US Bank and Caliber, while still not having *first obtained* a third-party servicing license conducted a foreclosure auction on the Vale Plaintiff's Property.

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

1:22-cv-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 43 of 73 PageID #: 130

72.    On March 8, 2016, US Bank and Caliber, while still not having *first obtained* a third- party servicing license, caused a foreclosure deed dated December 29, 2015 to be recorded in the City of East Providence Land Evidence Records in Book 3759 at Page 167.  The Foreclosure Deed purported to grant the Plaintiff Vale's Property to Defendant US Bank.  Such actions are in violation of R.I.G.L. § 19-14.11-1, in breach of the applicable law provision to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect.

73.    The Plaintiff Vale also alleges, that the foreclosure and sale are in breach of paragraph 22 of the Vale Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Vale Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".  As all actions of Caliber in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Caliber and U.S. Bank failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Vale Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

74.    As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 22 of the Vale Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency,

16

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

1:22-cv-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 44 of 73 PageID #:
131

et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re

Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

75.     The Vale Plaintiff and members of the class are entitled to damages for the untimely loss

of their property that was caused by the Defendant's failure to comply with applicable law.  See.

Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-

037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

## ALLEGATIONS OF THE FRYE REPRESENTATIVE PLAINTIFF

76.     The Representative Plaintiff Frye repeats and re-alleges every allegation above as if set

forth herein in full.

77.     Plaintiff, Elaine Durrell Frye, claims to be the rightful owner of 57 Helen Avenue,

Coventry, RI 02816 which is the "subject property" referenced herein.

78.     On April 13, 2007, Plaintiff Frye was conveyed the subject property. The Deed granting

the property to Plaintiff Frye was recorded in the Town of Coventry Land Evidence Records in

Book 1765, at page 826 on April 16, 2007.

79.     On April 13, 2007, Plaintiff Frye executed a promissory note and mortgage deed in the

sum of Two Hundred and Ten Thousand, Seven-Hundred and Fifteen Dollars ($210,715.00) in

favor of Chase Bank USA, N.A., as lender and mortgagee. ("Frye Mortgage/Note"). The Frye

Mortgage was recorded in the Town of Coventry Land Evidence Records in Book 1765, at page

828 on April 16, 2007.

80.     The Frye Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to
> acceleration following Borrower's breach of any covenant or agreement in this
> Security Instrument…The notice shall specify: (a) the default; (b) the action
> required to cure the default; (c) a date, not less than 30 days from the date the notice
> is given to Borrower, by which the default must be cured; and (d) that failure to
> cure the default on or before the date specified in the notice may result in

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

2-cv-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 45 of 73 PageID #:
132

acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

81.    The Frye Mortgage was purportedly assigned to Defendant, U.S. Bank on December 24, 2014. Said purported "Assignment of Mortgage" was recorded in the Town of Coventry Land Evidence Records in Book 2008 at Page 50 on April 15, 2014.

82.    Caliber became the servicer of the Frye Mortgage on or about 2015 and continued to service the mortgage without first obtaining a servicing license with the State of Rhode Island.

83.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

84.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

18

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

2-cv-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 46 of 73 PageID #:
133

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

85.     On or about July 29, 2015, Caliber, acting as third-party servicer on behalf of U.S. Bank, caused to be sent to the Plaintiff Frye a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of September 22, 2015. Caliber also caused to published said notice on September 1, 2015, September 8, 2015 and September 15, 2015.

86.     The Plaintiffs Frye allege that from July 1, 2015 through December 28, 2016, including on September 1, 2016 through January 12, 2017, Caliber was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

87.     The Plaintiff Frye alleges, that on September 22, 2015, Caliber, acting as third-party mortgage servicer for U.S. Bank foreclosed the Frye Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

88.     The Plaintiff Frye alleges, that on January 11, 2016, Caliber executed a 3.2 affidavit as servicer for U.S. Bank and foreclosure deed granting the property to U.S. Bank. The Foreclosure Deed was recorded on January 12, 2016 in the Town of Coventry Land Evidence Records in Book 2029 at Page 847. Such action is were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable

law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

89.     The Plaintiff Frye alleges, that the foreclosure and sale are in breach of paragraph 21 of the Frye Mortgage, which requires that, "Lender, at its option, and **subject to applicable law**, may then or thereafter invoke the STATUTORY POWER OF SALE and/or any other remedies or take any other actions permitted by **applicable law**" and "Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by **applicable law**." (Emphasis Added). As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Frye Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

90.     As all actions of Caliber in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Caliber and U.S. Bank failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to, prescribed by and permitted by "applicable law", thus breaching the Frye Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

91.     As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Frye Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: <u>Martins v. Federal Housing Finance Agency,</u>

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

1:22-cv-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 48 of 73 PageID #: 135

et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re

Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

92.     The Frye Plaintiff and members of the class are entitled to damages for the untimely loss

of their property that was caused by the Defendant's failure to comply with applicable law.  See.

Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-

037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

## ALLEGATIONS OF THE CHIRCHIRILLO REPRESENTATIVE PLAINTIFFS

93.     The Chirchirillo Plaintiff repeats and re-alleges every allegation above as if set forth herein

in full.

94.     Plaintiff, Diane M. Chirchirillo, claim to be the rightful owner of 270 Taft Avenue,

Pawtucket, RI 02820 which is the "subject property" referenced herein.

95.     On December 31, 2002, the Chirchirillo Plaintiff was conveyed the subject property. The

Deed granting the property to the Chirchirillo Plaintiff was recorded in the City of Pawtucket Land

Evidence Records in Book 1659 at Page 350 on January 7, 2003.

96.     On March 23, 2006, the Chirchirillo Plaintiff executed a promissory note and mortgage

deed in the sum of Two Hundred Forty-Seven Thousand, Dollars ($247,000.00) in favor of

Decision One Mortgage as lender and MERS as mortgagee. ("Chirchirillo Mortgage/Note"). The

Chirchirillo Mortgage was recorded in the City of Pawtucket Land Evidence Records in Book

2609 at page 281 on March 27, 2006.

97.     The Chirchirillo Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to
> acceleration following Borrower's breach of any covenant or agreement in this
> Security Instrument…The notice shall specify: (a) the default; (b) the action
> required to cure the default; (c) a date, not less than 30 days from the date the notice
> is given to Borrower, by which the default must be cured; and (d) that failure to
> cure the default on or before the date specified in the notice may result in

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

1:22-cv-00337-MSM-PAS     Document 6     Filed 09/13/22     Page 49 of 73 PageID #: 136

acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

98.     On July 15, 2015, the Chirchirillo Mortgage was assigned to U.S. Bank. Said purported "Assignment of Mortgage" was recorded in the City of Pawtucket Land Evidence Records in Book 3857 Page 98 on August 4, 2015.

99.     On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

100.     Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

1:22-cv-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 50 of 73 PageID #: 137

misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

101.    On or about September 20, 2015, Caliber, acting as third-party servicer on behalf of U.S. Bank, caused to be sent to the Chirchirillo Plaintiffs a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of November 10, 2015.  Caliber also caused to published said notice on October 20, 2015, October 27, 2015 and November 3, 2015.

102.    The Chirchirillo Plaintiffs allege that from July 1, 2015 through December 28, 2016, including on September 20, 2015 through December 18, 2015, Caliber was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

103.    The Chirchirillo Plaintiffs allege, that on November 10, 2015, Caliber, acting as third-party mortgage servicer for U.S.  Bank foreclosed the Chirchirillo Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

104.    The Chirchirillo Plaintiffs allege, that on November 19, 2015, Caliber caused to be executed a Foreclosure Deed as servicer for U.S.  Bank granting the property to U.S.  Bank.  The Foreclosure Deed was recorded on December 18, 2015 in the City of Pawtucket Land Evidence Records in Book 3901 at Page 284.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void,

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

1:22-cv-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 51 of 73 PageID #: 138

invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

105.    The Chirchirillo Plaintiffs allege, that the foreclosure and sale are in breach of paragraph 22 of the Chirchirillo Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)." As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Chirchirillo Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

106.    As all actions of Caliber in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Caliber and U.S. Bank failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to  and prescribed by ""applicable law"", thus breaching the Chirchirillo Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

107.    As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Chirchirillo Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

24

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

1:22-CV-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 52 of 73 PageID #: 139

108.    The Chirchirillo Plaintiffs and members of the class are entitled to damages for the

untimely loss of their property that was caused by the Defendant's failure to comply with

applicable law. See. <u>Andrade v. Ocwen Loan Servicing, LLC</u>, C.A. Nos. 18-385 WES, 20-032

WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May

25, 2021)

## **ALLEGATIONS OF THE SMITH REPRESENTATIVE PLAINTIFF**

109.    The Smith Plaintiff repeats and re-alleges every allegation above as if set forth herein in

full.

110.    Plaintiff, Norma R. Smith, claims to be the rightful owner of 1196-1198 Main Street,

Coventry, RI 02816 which is the "subject property" referenced herein.

111.    On January 8, 1990, Smith Plaintiff was conveyed the subject property. The Deed granting

the property to Smith Plaintiff was recorded in the Town of Coventry Land Evidence Records in

Book 246 at Page 26 on January 8, 1990.

112.    On December 22, 2005, the Smith Plaintiff executed a promissory note and mortgage deed

in favor of Washington Mutual Bank., as lender and mortgagee. ("Smith Mortgage/Note"). The

Smith Mortgage was recorded in the Town of Coventry Land Evidence Records in Book 1705 at

page 480 on December 28, 2005.

113.    The Smith Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to
> acceleration following Borrower's breach of any covenant or agreement in this
> Security Instrument…The notice shall specify: (a) the default; (b) the action
> required to cure the default; (c) a date, not less than 30 days from the date the notice
> is given to Borrower, by which the default must be cured; and (d) that failure to
> cure the default on or before the date specified in the notice may result in
> acceleration of the sums secured by this Security Instrument and sale of the
> Property. The notice shall further inform Borrower of the right to reinstate after
> acceleration and the right to bring a court action to assert the non-existence of a
> default or any other defense of Borrower to acceleration and sale. If the default is

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

2-CV-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 53 of 73 PageID #: 140

not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

114.    On January 15, 2015, the Smith Mortgage was assigned to U.S. Bank. Said purported "Assignment of Mortgage" was recorded in the Town of Coventry Land Evidence Records in Book 2010 Page 786 on May 22, 2015.

115.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

116.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

2-cv-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 54 of 73 PageID #: 141

required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

117.   On or about September 1, 2015, Caliber, acting as third-party servicer on behalf of U.S. Bank, caused to be sent to the Smith Plaintiff a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of October 22, 2015.  Caliber also caused to published said notice on October 1, 2015, October 8, 2015 and October 15, 2015.

118.   The Smith Plaintiff alleges that from July 1, 2015 through December 28, 2016, including on September 1, 2015 through January 12, 2016, Caliber was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

119.   The Smith Plaintiff alleges, that on October 22, 2015, Caliber, acting as third-party mortgage servicer for U.S. Bank foreclosed the Smith Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

120.   The Smith Plaintiff alleges, that on January 11, 2016, Caliber caused to be executed a Foreclosure Deed as servicer for U.S. Bank granting the property to U.S. Bank.  The Foreclosure Deed was recorded on January 12, 2016 in the Town of Coventry Land Evidence Records in Book 2029 at Page 869.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

27

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

1:22-cv-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 55 of 73 PageID #: 142

121.    The Smith Plaintiff alleges, that the foreclosure and sale are in breach of paragraph 22 of the Smith Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Smith Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

122.    As all actions of Caliber in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Caliber and U.S. Bank failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to  and prescribed by ""applicable law"", thus breaching the Smith Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

123.    As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Smith Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

124.    The Smith Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law.  See.

<u>Andrade v. Ocwen Loan Servicing, LLC</u>, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

## **ALLEGATIONS OF THE TRUSTY REPRESENTATIVE PLAINTIFFS**

125. The Trusty Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

126. Representative Plaintiffs, Michael A. Trusty and Elisabeth M. Trusty, claim to be the rightful owners of 446 Carrington Avenue, Woonsocket, RI which is the "subject property" referenced herein.

127. On November 15, 1999, the Trusty Plaintiffs were conveyed the subject property. The Deed granting the property to the Trusty Plaintiffs was recorded in the City of Woonsocket Land Evidence Records in Book 1111 at Page 446 on November 16, 1999.

128. On October 26, 2005, the Trusty Plaintiffs executed a promissory note and mortgage deed in favor of Household Finance Corporation II as lender and mortgagee. ("Trusty Mortgage/Note"). The Trusty Mortgage was recorded in the City of Woonsocket Land Evidence Records in Book 1475 at page 286 on October 28, 2005.

129. The Trusty Mortgage states at Paragraph 17 as follows:

> 17. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and <u>any other remedies permitted by Applicable Law</u>. Lender shall be entitled to collect

29

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

1:22-cv-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 57 of 73 PageID #: 144

all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

130.    On September 9, 2015, the Trusty Mortgage was assigned to U.S. Bank. Said purported "Assignment of Mortgage" was recorded in the City of Woonsocket Land Evidence Records in Book 2171 Page 30 on September 9, 2015.

131.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

132.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

133.    On or about September 28, 2015, Caliber, acting as third-party servicer on behalf of U.S. Bank, caused to be sent to the Trusty Plaintiffs a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of November 11, 2015.  Caliber also caused to published said notice on October 28, 2015, November 4, 2015 and November 11, 2015.

134.    The Trusty Plaintiffs allege that from July 1, 2015 through December 28, 2016, including on September 28, 2015 through February 8, 2016, Caliber was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

135.    The Trusty Plaintiffs allege, that on November 19, 2015, Caliber, acting as third-party mortgage servicer for U.S. Bank foreclosed the Trusty Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

136.    The Trusty Plaintiffs allege, that on January 28, 2016, Caliber caused to be executed a Foreclosure Deed as servicer for U.S. Bank granting the property to U.S. Bank.  The Foreclosure Deed was recorded on February 8, 2016 in the City of Woonsocket Land Evidence Records in Book 2196 at Page 63.   Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

137.    The Trusty Plaintiffs allege, that the foreclosure and sale are in breach of paragraph 22 of the Trusty Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER

31

OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)." As

such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or

their officers, directors, agents, and employees, are subject to ""applicable law"" and the property

secured by the Trusty Mortgage can only be sold in a manner prescribed by and subject to

""applicable law"".

138.     As all actions of Caliber in foreclosing and conducting mortgagee's foreclosure sale are in

violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant

to R.I.G.L. § 19-14-26, Caliber and U.S. Bank failed their obligation to the Plaintiffs to ensure that

those actions were conducted in a manner subject to  and prescribed by ""applicable law"", thus

breaching the Trusty Mortgage and for failing to first comply with the terms of the mortgage prior

to exercising the power of sale.

139.     As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph

17 of the Trusty Mortgage contract due to Defendants' failure to foreclose and sell in the manner

prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void,

invalid, and without force or effect, for Defendants' failure to comply with conditions precedent

prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency,

et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re

Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

140.     The Trusty Plaintiffs and members of the class are entitled to damages for the untimely

loss of their property that was caused by the Defendant's failure to comply with applicable law.

See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES,

20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

Case 1:22-cv-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 60 of 73 PageID #: 147

## ALLEGATIONS OF THE TARTY REPRESENTATIVE PLAINTIFF

141.   The Tarty Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

142.   Representative Plaintiffs, Edward W. Tarty and Mary Louise Tarty, claim to be the rightful owners of 180 Holden Street, Providence, RI 02908 which is the "subject property" referenced herein.

143.   Prior to 2006, the Tarty Plaintiffs were conveyed the subject property. The Deed granting the property to the Tarty Plaintiffs was recorded in the City of Providence Land Evidence Records.

144.   On March 24, 2006, the Tarty Plaintiffs executed a promissory note and mortgage deed in favor of Household Finance Corporation II as lender and mortgagee. ("Trusty Mortgage/Note"). The Tarty Mortgage was recorded in the City of Providence Land Evidence Records in Book 7943 at page 137 on March 28, 2006.

145.   The Tarty Mortgage states at Paragraph 17 as follows:

> 17. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.
>
> If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale,

33

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

Case 1:22-cv-00337-MSM-PAS   Document 6   Filed 09/13/22   Page 61 of 73 PageID #: 148

including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

146.    On April 7, 2014, the Tarty Mortgage was assigned to U.S. Bank. Said purported "Assignment of Mortgage" was recorded in the City of Providence Land Evidence Records in Book 10916 Page 153 on July 24, 2014.

147.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

148.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

149.    On or about October 14, 2015, Caliber, acting as third-party servicer on behalf of U.S. Bank, caused to be sent to the Tarty Plaintiffs a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of December 7, 2015. Caliber also caused to published said notice on November 16, 2015, November 23, 2015 and November 30, 2015.

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

1:22-cv-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 62 of 73 PageID #: 149

150.    The Tarty Plaintiffs allege that from July 1, 2015 through December 28, 2016, including on September 28, 2015 through February 8, 2016, Caliber was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

151.    The Tarty Plaintiffs allege, that on December 7, 2015, Caliber, acting as third-party mortgage servicer for U.S. Bank foreclosed the Tarty Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

152.    The Tarty Plaintiffs allege, that on June 20, 2016, Caliber caused to be executed a Foreclosure Deed as servicer for U.S. Bank granting the property to U.S. Bank. The Foreclosure Deed was recorded on June 23, 2016 in the City of Providence Land Evidence Records in Book 11427 at Page 259. Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

153.    The Tarty Plaintiffs allege, that the foreclosure and sale are in breach of paragraph 22 of the Tarty Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)." As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property

35

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

1:22-cv-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 63 of 73 PageID #: 150

secured by the Tarty Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

154.    As all actions of Caliber in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Caliber and U.S. Bank failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to  and prescribed by ""applicable law"", thus breaching the Tarty Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

155.    As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 17 of the Tarty Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: <u>Martins v. Federal Housing Finance Agency, et al.</u>, C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: <u>In re Demers</u>, <u>511 B.R. 233</u>, 238, 239 (Bankr. D.R.I. 2014)).

156.    The Tarty Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law.  See. <u>Andrade v. Ocwen Loan Servicing, LLC</u>, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

## CLASS ALLEGATIONS

157.    The Representative Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

158.    Plaintiffs bring this action as a Class Action pursuant to R.I. R. Civ. P. Rule 23.

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

Case 1:22-cv-00337-MSM-PAS   Document 6   Filed 09/13/22   Page 64 of 73 PageID #: 151

159.    The Representative Plaintiffs sue on behalf of themselves and all homeowners or former homeowners wherein Defendants breached the terms of the Representative Plaintiffs and Class Members mortgages by failing to foreclose and sell in the manner prescribed by ""applicable law"" when conducting foreclosures and mortgagee's sales between July 1, 2015 through December 28, 2016, in violation of R.I.G.L. § 19-14.11-1.  Said statute and mortgage contracts required that the Defendant first obtain a third-party servicing license with the State of Rhode Island Department of Business Regulation prior to foreclosing on the Representative Plaintiffs' properties.

160.    Representative Plaintiffs further seek damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

161.    The gravity of harm to the Representative Plaintiffs and members of the class resulting from the Defendants wrongdoing outweighs any conceivable reasons, justifications and/or motives of said Defendants for engaging in such unfair acts and practices.

162.    Defendants' conduct was unfair, oppressive, and contrary to public policy and the generally recognized standards applicable to the consumer lending business.

163.    The Representative Plaintiffs and members of the class suffered quantifiable damages such as illegal servicing fees, loss of use and equity in their homes, money spent on funding bankruptcy, legal defense of foreclosure and eviction, and moving and relocation expenses.

164.    The Representative Plaintiffs and members of the class have suffered general damages such as loss of property interest, negative impact to credit ratings, loss of their homes, lost opportunities to rectify their situations through loss mitigation and mediation of their mortgage delinquencies, and extreme mental and emotional distress.

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

1:22-cv-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 65 of 73 PageID #: 152

165.    The Representative Plaintiffs and members of the class seek actual, exemplary, punitive, and monetary damages.

166.    The Representative Plaintiffs claim on behalf of themselves and all others so similarly situated that the Defendants breaches of mortgage contracts by violating R.I.G.L. § 19-14.11-1, and failure to comply with applicable law as a condition precedent prior to exercising the Statutory Power of Sale, are the direct causes of the harms alleged herein.

167.    Representative Plaintiffs, on behalf of themselves and all others so similarly situated, claim that all foreclosures that occurred as a result of any foreclosure notices sent or published during the time in which Caliber was not licensed as a third-party servicer are null and void for failure to comply with the condition precedent to Statutory Power of Sale outlined in the mortgages that the Defendants foreclose in the manner subject to and as prescribed by ""applicable law"".

168.    Excluded from the class are governmental entities, the Defendants, their affiliates and subsidiaries, the Defendants current employees and current or former officers, directors, agents, representatives, their family members, the members of this Court and its staff.

169.    The Representative Plaintiffs do not know the exact size or identities of the members of the class, since such information is in the exclusive control of Defendants. The Representative Plaintiffs believe that the class encompasses hundreds of individuals whose identities can be readily ascertained from Defendants books and records.  Therefore, the class is so numerous that joinder of all members is impracticable. (i.e. Numerosity).

170.    The Representative Plaintiffs and all members of the class have been subject to and affected by the same conduct.

171.    The questions of law and fact are common to the class and predominate over any questions affecting only individual members of the class. (i.e. Commonality).

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

2-cv-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 66 of 73 PageID #:
153

172.    The claims of the Representative Plaintiffs are <u>typical of the claims of the class</u> and do not conflict with the interests of any other members of the class in that the Representative Plaintiffs and the other members of the class were subject to the same conduct. (i.e. Typicality).

173.    The Representative Plaintiffs will <u>fairly and adequately represent the interests of the class</u> as a whole.  The Representative Plaintiffs are committed to the vigorous prosecution of the class claims and have retained attorneys who are qualified to pursue this litigation and have experience in class actions – in particular, wrongful foreclosure actions. (i.e. Adequacy).

174.    A Class Action is superior to other methods for the fast and efficient adjudication of this controversy.  A class action regarding the issues in this case does not create any problems of manageability.

175.    The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

176.    The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

177.    It is not in the best interest of members of the class to individually control the prosecution or defense of separate actions.

178.    The specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

179.    It is desirable to concentrate the litigation of the claims in this particular forum.

180.    There are little to no difficulties likely to be encountered in the management of a classification.

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

Case 1:22-cv-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 67 of 73 PageID #: 154

## <u>COUNT I</u>
## BREACH OF CONTRACT AND FAILURE TO COMPLY WITH CONDITIONS PRECEDENT PRIOR TO EXERCISE THE STATUTORY POWER OF SALE (SERVICING LICENSE ALLEGATIONS)

181.    The Representative Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

182.    In Rhode Island, the right to exercise the power of sale in a mortgage is derived from the mortgage contract itself.

183.    In Rhode Island, a contract containing a requirement that any foreclosure and sale be conducted in a manner subject to and/or as prescribed or permitted by ""applicable law"" is construed as a condition precedent, which requires strict compliance.

184.    The Representative Plaintiffs' Mortgages all provide that any notice, foreclosure, and sale be conducted in a manner subject to, prescribed by and or permitted by "applicable law"" at paragraph 22 of their respective mortgages.

185.    In Rhode Island, a mortgagee agreeing to provide notice, foreclose and sell in a manner subject to and/or as prescribed or permitted by "applicable law", must do so as agreed.

186.    In Rhode Island, the power to sell by foreclosure sale is derived from the mortgage and statute, and strict compliance with the requirements of Paragraph 22 of the mortgages are obligations of the mortgagees.  Failing to provide notice, foreclose and sell in a manner subject to and/or as prescribed or permitted by "applicable law" pursuant to the mortgage is a breach of contract and renders a foreclosure sale void.

187.    As noted above, the Representative Plaintiffs' Mortgages states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of

40

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

1:22-cv-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 68 of 73 PageID #: 155

the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and <u>any other remedies permitted by Applicable Law</u>. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the <u>Property shall be sold in the manner prescribed by Applicable Law</u>. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

188.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

189.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

1:22-cv-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 69 of 73 PageID #: 156

190.    The Representative Plaintiffs allege that at the time the foreclosure notices were sent, the time of the foreclosure publications, the time of the auctions, the time of the execution of the foreclosure deeds, the time of the execution of the Affidavits of Sale in accordance with R.I.G.L. 34-11-22 and 34-27-4, and the time of the recordings of the foreclosure deeds, Caliber was not a licensed third-party servicer on behalf of U.S. Bank in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1 and that Caliber's initiation of the above actions without "first obtaining a license" were violations of the condition precedent that it must first obtain a license in accordance with the applicable law provisions of said mortgages, as such actions were classified as misdemeanor crimes and not permitted by applicable law.

191.    Representative Plaintiffs aver that all acts described above were in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and are void, invalid, and without force and effect, for Defendants' failure to comply with applicable law as a conditions precedent prior to exercising the Statutory Power of Sale.

192.    The Representative Plaintiffs allege, that the foreclosures and sales are in breach of paragraph 22 of the Mortgages, which requires that, "Lender, at its option, and **subject to applicable law**, may then or thereafter invoke the STATUTORY POWER OF SALE and/or any other remedies or take any other actions permitted by **applicable law**" and "Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by **applicable law**." and or invoke the "STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law (Emphasis Added). As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

Case 1:22-cv-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 70 of 73 PageID #: 157

""applicable law"" and the properties secured by the Mortgages could only be sold in a manner prescribed by, subject to and permitted by "applicable law".

193.    As all actions of Caliber in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Caliber and U.S. Bank failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to, prescribed by and permitted by "applicable law", thus breaching the Mortgages for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

194.    As such, the notices, publications, foreclosures and sales are in breach of the terms of paragraph 22 of the Mortgage contracts due to Defendants' failure to foreclose and sell in the manner prescribed by, subject to and permitted by "applicable law". Therefore, the foreclosures and sales are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

195.    The mortgage contract entered into by the Plaintiffs constitutes valid offers.

196.    Upon the Plaintiffs executing those mortgage contracts and giving them to their Lenders/ Mortgagee, their Lenders. Mortgagees accepted those offers.

197.    Alternatively, the Plaintiffs and execution of those mortgage contracts thereby giving security interests in their property to their Lenders/Mortgagees constitute offers. Acceptance of those offers occurred when Defendants accepted payments made by the Plaintiffs pursuant to their mortgage contracts.

43

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

2-cv-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 71 of 73 PageID #:
158

198.     The mortgage contracts were supported by consideration.  The Plaintiffs' payments to Defendants constitutes consideration.

199.     The Plaintiffs, and Defendants thereby formed a valid contract and the Plaintiffs and were, are, and remain ready willing and able to perform under the contract.

200.     Defendants breached the mortgage contracts made with the Plaintiffs by refusing to honor the terms of the mortgage contracts by failing to abide by "applicable law" when foreclosing and conducting mortgagee's foreclosure sales.

201.     There was no compliance with the terms of the mortgages to exercise the statutory power of sale as indicated above.

202.     Due to these failures to comply with the terms of the mortgages, no entity was contractually authorized to exercise the statutory power of sales and notice, publish, foreclose and sell at mortgagee's sale the properties of the Plaintiffs. These actions constitute a breach of contract, and failure to abide by conditions precedent as stated in the mortgages of the Plaintiffs, resulting in damages to the Plaintiffs.

203.     As a result of the Defendants' improper and invalid notices, publications, and exercise of the statutory power of sale and purported foreclosure sale, the Plaintiffs' mortgage loan accounts were charged fees and costs and expenses for illegal servicing fees that were not permitted by applicable law including but not limited too certified mail, advertising costs, legal fees, auctioneer costs and other charges which were reflected in their monthly mortgage statements.

204.     The Plaintiffs have incurred damages in hiring an attorney, in regard to the improper actions of Defendants in noticing and seeking to conduct and/or conducting foreclosures and sales without first complying with "applicable law" as a conditions precedent to the Statutory Power of Sale as required by the mortgages of the Plaintiffs.

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

1:22-cv-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 72 of 73 PageID #: 159

205.    The Plaintiffs have also incurred mental and emotional injuries and damages due to the improper foreclose and sale of their properties by Defendants without first complying with "applicable law" as a conditions precedent to the Statutory Power of Sale as required by the mortgages of the Plaintiffs.

206.    The Plaintiffs have suffered harm and are threatened with additional harm from Defendants breaches, including but not limited to higher principle balances, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default.

207.    The Defendants breaches of contract and failure to comply with the condition precedent as noted herein above, are the direct cause of the harms alleged herein and not the Plaintiffs' failure to make their mortgage payments.

208.    Therefore, the Plaintiffs would not have suffered the foreclosure, sale, or the harms as noted herein were it not for the Defendants breach of the mortgage contract and failure to comply with "applicable law" as a conditions precedent as required by the mortgage of the Plaintiffs as noted herein.

209.    The Plaintiffs and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law.  See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

210.    The Plaintiffs are entitled to a declaratory judgment determining that the notices, publications, foreclosures, and mortgagee's foreclosure sales of their properties are void due to the Defendants' failure to comply with the condition precedent obligations to notice, foreclose, and

Case Number: PC-2022-04729
Filed in Providence/Bristol County Superior Court
Submitted: 8/3/2022 3:44 PM
Envelope: 3735150
Reviewer: Victoria H

Case 1:22-cv-00337-MSM-PAS    Document 6    Filed 09/13/22    Page 73 of 73 PageID #: 160

sell in a manner prescribed by and permitted by "applicable law", pursuant to the mortgage contracts.

211.    The Plaintiffs are entitled to cancellation of costs and fees assessed to him for wrongful foreclosure, together with additional damages.

212.    The Plaintiffs are entitled to be returned to their status and circumstances prior to the foreclosure, and sale of their properties.

213.    The Plaintiffs are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

Dated: August 3, 2022

Respectfully Submitted,
The Representative Plaintiffs,
By their Attorney,
/s/ *Todd S. Dion*
Todd S. Dion Esq. (#6852)
681 Park Avenue, Suite 24
Cranston, RI 02910
401-965-4131 Phone
401-270-2202 Fax
toddsdion@msn.com

46